# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LINDA RENA LAWRENCE**                                            **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:21-cv-49-MPM-JMV**

**KILOLO KIJAKAZI**
*Acting Commissioner of Social Security*                                **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a November 4, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

### I. Background

On October 7, 2015, Plaintiff protectively filed for SSI, alleging disability due to diabetes, high blood pressure, neck pain – herniated disc, obesity, fibromyalgia, rheumatoid arthritis, and osteoarthritis. Tr. at 20, 215-20, 271, 302. On April 11, 2018, the ALJ issued a partially favorable decision, finding that Plaintiff became disabled as of July 3, 2017, but was not disabled before that

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

date. Tr. at 20-33, 302. Plaintiff appealed this April 11, 2018, decision, and the Northern District of Mississippi remanded the matter to the Agency for an additional hearing and decision regarding the closed period of October 7, 2015, through July 3, 2017. Tr. at 302, 372-73, 376. On October 20, 2020, the ALJ held an additional administrative hearing, where Plaintiff and her current attorney, as well as a VE, appeared and testified, regarding the relevant period of October 7, 2015, through July 3, 2017. Tr. at 327-365.

The ALJ issued his decision on November 4, 2020, concluding that Plaintiff was not disabled for purposes of the Act during the relevant closed period under review (October 7, 2015, through July 3, 2017). Tr. at 302-318. At step one, the ALJ found that Plaintiff had not engaged in SGA since October 7, 2015. Tr. at 305. At step two, the ALJ determined Plaintiff's morbid obesity; disorders of the lumbar and cervical spine; polyarthropathy/right knee degenerative joint disease; polyneuropathy; hypothyroidism; and diabetes constituted severe impairments. Tr. at 305-6. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. Tr. at 306-7.

Next, the ALJ determined that during the relevant period of October 7, 2015, through July 3, 2017, Plaintiff retained the RFC to perform, sedentary work as defined in 20 CFR § 416.967(a) except the claimant could lift/carry 10 pounds occasionally and less than 10 pounds frequently. The claimant could stand/walk a total of 2 hours during an 8-hour workday and for 30 minutes at one time. The claimant could sit a total of 6 hours in an 8-hour workday. The claimant required a cane for all standing and walking but could carry objects in the free hand. The claimant could occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. The claimant could occasionally stoop, crouch, kneel, and crawl. The claimant should avoid unprotected heights and hazardous moving machinery. Tr. at 307-316. At step four, the ALJ found that Plaintiff had no

past relevant work. Tr. at 315-16. Considering Plaintiff's RFC, age (43 as of the filing / alleged onset date, and subsequently changed age category to younger individual age 45-49), limited education, and lack of past relevant work, and relying on VE, the ALJ found Plaintiff could perform other work that exists in significant numbers in the national economy, specifically order clerk, telephone quotation clerk, and service rater. Tr. at 317-18.

> II. **Plaintiff Fails to Show Additional Limitation Regarding Balance and Substantial Evidence Supports the ALJ's Step Five Finding**

For her first argument claimant asserts that because she has a cane, the ALJ should have asked the VE if the occupational base was eroded on account thereof. But the claimant overlooks the fact that the RFC given to the VE did include the need for a cane and ability to carry objects in the free hand. The RFC is an administrative assessment by the ALJ based on the totality of the evidence and represents the extent to which a claimant's impairments and related symptoms affect her capacity to do work-related activities. SSR 96-8p, 1996 WL 374184, at *3. In this case, the evidence, including the claimant's testimony about her cane, simply does not support an additional limitation in the RFC during the closed period of October 7, 2015, through July 3, 2017, related to balance while Plaintiff used a cane. Pl. Br. at 6-8.

Plaintiff's assertion that the ALJ should have specifically asked the VE if use of her cane would erode the sedentary occupational base citing SSR 96-9p is without merit. While the SSR contemplates that "if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base" and "it is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base" Pl. Br. at 7 (citing SSR 96-9p), in this case, the record did not warrant an additional limitation regarding Plaintiff's ability to balance. Thus the ALJ did not include such limitation in the RFC, and did not pose such a question to the VE.

Without any properly supported evidence that Plaintiff had such a problem with balance using her cane, there was no indication that the ALJ should have "state[d] in the RFC assessment what is meant by limited balancing in order to determine the remaining occupation base". SSR 96-9p.

### III. The ALJ Properly Exercised His Discretion by Not Ordering a CE in 2020

Plaintiff's next argument claims it was error for the ALJ to not order a CE in 2020 despite the only relevant period at issue being October 7, 2015, through July 3, 201 2017. An ALJ generally has discretion in determining whether a CE (or as the case is here, a second physical CE) is needed. Melvin v. Astrue, The relevant regulation lists four situations that "may" require a CE:

> (1) The additional evidence needed is not contained in the medical records; (2) The evidence that may have been available from treating or other medical sources cannot be obtained for reasons beyond a claimant's control, such as death or noncooperation of a medical source; (3) Highly technical or specialized medical evidence that the Commissioner needs is not available from claimant's treating or other medical sources; or (4) There is an indication of a change in a claimant's condition that is likely to affect his/her ability to work.

20 C.F.R. § 416.919a(b).

As the Commissioner asserts, none of those situations are present here. And the claimant does not address how a CE (which she admits her counsel did not request of the ALJ) – performed in 2020 – could provide any useful information on Plaintiff's functional ability years prior in 2015 through 2017. Pl. Br. at 9-12; *see Gutierrez v. Barnhart*, 2005 WL 1994289, at *8 (5th Cir. 2005) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (a consultative examination at government expense is not required "unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision")). A CE taken well outside the relevant time period would not assist the ALJ in making his decision as to what limitations Plaintiff experienced years before.

### IV. The ALJ Properly Considered the Medical Evidence and Plaintiff's Mother's Statement

Plaintiff finally contends that there was no medical opinion as to the period under review (October 7, 2015 through July 3, 2017) and that the ALJ did not properly consider the statements from her mother. Pl. Br. at 13-15. But as the Commissioner notes, as to the closed period under review, the ALJ noted the DDS opinions and the ALJ granted these opinions "little weight" because while they found Plaintiff could perform light work, his review of the totality of the evidence indicated she could not perform at that level for the period at issue. Tr. at 316. As these physician's opined that Plaintiff could perform light work, such opinions provide some evidence supporting the ALJ's finding that Plaintiff could perform a more restricted level of work. *See id.*

As for the argument that the ALJ did not adequately consider her mother's December 6, 2015, statements, and erroneously gave them only "little weight", I find this without merit. While SSR 06-03p states that ". . . the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning . . .," this ruling does not require the ALJ to specifically discuss each and every section 927(c) factor. SSR 06-03p, 2006 WL 2329939 *6. The regulations clearly state that "we will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 416.927(c)(2) (emphasis added).[2] Because the ruling and regulations do not require a specific analysis of every 927(c) factor, the ALJ complied with the ruling's requirement to "explain the weight" he assigned to Plaintiff's mother's lay evidence.

---

[2] The agency adopted a new regulatory section for evaluating medical opinions effective for claims filed on or after March 27, 2017. 20 C.F.R. § 416.920c. However, as Plaintiff filed her original claim before March 2017, the previous evaluation under 20 C.F.R. § 416.927(c) applies to Plaintiff's claim. 20 C.F.R. §§ 416.920c, 416.927(c).

The ALJ noted that Plaintiff's mother, Ms. Baker, was an interested party and that her statements as to Plaintiff's activities were inconsistent with disabling limitations. For example, when asked what Plaintiff does from the time she wakes up until the time she goes to bed, her mother wrote "I don't know." Tr. at 282. But she then stated that Plaintiff took care of her daughter and that while Plaintiff complained about performing personal care activities, she did not indicate Plaintiff was incapable of performing them. Tr. at 283. Ms. Baker also said Plaintiff could "cook full course meals", perform various household chores, drive a car and go out alone, and go shopping. Tr. at 284-86. Plaintiff does not show how ALJ's decision to grant this record "little weight" was in error, and instead cites to case law regarding the ALJ's duty when considering a medical opinion—which this record clearly is not. Pl. Br. at 15; *Harrell v. Bowen*, 862 F.2d 471, 482 (5th Cir. 1988).

## Conclusion

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 5th day of May, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**